IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| United States of America, | Cr. No. 0:13-651-CMC |
|---|---|
| v. | |
| Jermichael Lanard Reid, | **Opinion and Order** |
| Defendant. | |

Defendant seeks relief in this court pursuant to 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. at __, 135 S. Ct. 2551 (2015), arguing he should be resentenced because his sentence should not have been enhanced due to prior convictions. ECF No. 60. The court appointed counsel, who filed a supplemental motion. ECF No. 73. The Government filed a motion to dismiss or for summary judgment. ECF No. 78. Defendant filed a motion for leave to cite supplemental authority. ECF No. 79. This matter is now ripe for resolution.

**I. Background**

Defendant was indicted on July 17, 2013, for one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g), 924(a)(2), and 924(e). ECF No. 1. The Government filed an information to establish prior convictions on September 26, 2013, listing four state court convictions exposing Defendant to enhanced penalties under the Armed Career Criminal Act. ECF No. 37. On October 25, 2013, an Information was filed, charging Defendant with possession of a stolen firearm and ammunition, in violation of 18 U.S.C. § 922(j) and 924(a)(2). ECF No. 38. Defendant entered into a written plea agreement to plead guilty to the Information. ECF No. 41. In the plea agreement, the parties stipulated and agreed to an upward departure to the maximum

sentence allowable under § 922(j), 120 months.[1]  *Id.* at ¶ 7.  Defendant also waived his right to contest his conviction or sentence in a direct appeal or in a motion pursuant to § 2255, absent certain circumstances.  *Id.* at ¶ 9.  Defendant appeared before the court and entered a guilty plea to the Information on November 7, 2013.  ECF No. 43.

A Pre-Sentence Report ("PSR") assessed a base offense level of 24 for the violation of § 922(j), due to Defendant's commission of the instant offense "subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense" under U.S.S.G. § 2K2.1(a)(2).  ECF No. 53 at ¶ 45.  The PSR listed two counts of pointing and presenting a firearm, one count of kidnapping, and one count of assault and battery 1st degree as crimes of violence qualifying under this Guideline.[2]  *Id.* at ¶¶ 20, 29, 30, 45.  Defendant's total offense level was determined to be 23, with a criminal history of III, leading to a guideline range of 57-71 months.

At sentencing on February 27, 2014, the court sentenced Defendant to 120 months imprisonment and a three year term of supervised release.  ECF No. 50.  Defendant did not appeal his conviction or sentence.

## II.     Recent Supreme Court Decisions

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites

---

[1] This stipulation was nonbinding on the court or Probation.

[2] Due to the offense of conviction, Defendant was not determined to be either an armed career criminal or a career offender.

2

arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those in the enumerated or force clauses. The statute's residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S. Ct. 1257 (2016), which held that the newly established right recognized in *Johnson* is retroactive to cases on collateral review.

However, on March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles v. United States*, 580 U.S. __, 137 S.Ct. 886, 890 (2017). Therefore, the former residual clause in §4B1.2(a)(2) of the sentencing guidelines[3] is not void for vagueness. *Id.* at 892.

**III. Discussion**

   *a. Parties' Arguments*

Defendant argues his prior convictions should not have been used to increase his base offense level pursuant to § 2K2.1 due to *Johnson's* invalidation of the residual clause.[4] ECF No.

---

[3] This definition of "crime of violence" was revised effective August 1, 2016 and no longer contains a residual clause. However, the previous version was in effect during Defendant's case.

[4] Defendant's argument his base offense level should not have been increased for his previously committed crimes of violence under § 2K2.1(a)(2) is foreclosed by Supreme Court precedent. *Beckles v. United States*, 580 U.S. __, 137 S. Ct. 886 (2017). *Beckles* considered the same definition of crime of violence as contained in § 2K2.1, and held "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Id.* at 890. Therefore, the residual clause in the definition of crime of violence is not void for vagueness, and Defendant is unable to challenge the use of his previous convictions to increase his base offense level. Further, this court

3

60-1 at 5. He contends his "actual, factual, and legal innocence" allows him to overcome procedural default. *Id.* at 9. Defendant's appointed counsel raises other grounds for relief: (1) Defendant's trial counsel was ineffective for failing to preserve the issue of whether his pointing and presenting convictions were valid ACCA predicate offenses, and (2) pointing and presenting should not be considered an ACCA predicate offense. ECF No. 73. He argues because trial counsel led Defendant to believe he would be subject to enhanced penalties under the ACCA, Defendant agreed to accept a 120 month sentence instead of the "guidelines suggested" sentence of 57 to 71 months. *Id.* at 3. Finally, he contends *United States v. King*, 673 F.3d 274 (4th Cir. 2012), holding pointing and presenting of a firearm to be a crime of violence under the Guidelines' force clause, was wrongly decided. *Id.* at 9. Finally, Defense counsel filed a motion requesting the court consider *United States v. Middleton*, 883 F.3d 485 (4th Cir. 2018), which held South Carolina involuntary manslaughter is not a violent felony under the ACCA because it can be committed in a non-violent manner. ECF No. 79.

The Government argues Defendant's trial counsel was not ineffective for failing to raise a non-meritorious issue contrary to case law, as *Johnson* had not been decided at the time of Defendant's sentencing, and the allegations of ineffectiveness are simply attempts to circumvent the plea agreement's waiver. ECF No. 78-1. Further, the Government argues, *Johnson* had no effect on pointing and presenting convictions counting as predicates under the ACCA, and

---

is bound by *United States v. King*, 673 F.3d 274 (4th Cir. 2012), holding pointing and presenting to be a crime of violence under the Guidelines' force clause.

4

Defendant's sentence was negotiated and stipulated between the parties. *Id.* The Government also contends Defendant's § 2255 motion is untimely and barred by procedural default. *Id.*

　　b. *Timeliness*

Defendant did not plead guilty to an offense subject to the ACCA. Therefore, *Johnson* has no impact on his sentence. His trial counsel specifically negotiated a plea to an Information charging a violation of § 922(j) so that he could avoid the impact of the ACCA.

Defendant's motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."

28 U.S.C. § 2255(f)(1)-(3). Timeliness under § 2255(f)(3) depends on whether *Johnson* applies to Defendant's sentence. If *Johnson*, made retroactive by *Welch*, applies, then Defendant could potentially utilize the statute of limitations in § 2255(f)(3). However, because Defendant was not sentenced under the ACCA, *Johnson* does not apply. Therefore, his § 2255 motion is untimely as it was filed over a year after his conviction became final in 2014.[5]

---

[5] As Defendant's motion is untimely, the court declines to consider other arguments advanced by the parties.

5

## IV. Conclusion

Defendant's § 2255 motion is untimely. Accordingly, the Government's motion to dismiss is granted, and Defendant's § 2255 motion is hereby dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
July 26, 2018